UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHARLES V. MARCELIN,

                Plaintiff,

             - against -

LORRAINE A. CORTES-VAZQUEZ,
LOREEN JENNIFER JAMES, THOMAS J.
JORDAN, ANNETTE M. HILL, THONY
MARCELIN, SR., TREVOR L. POWELL,

                Defendants.
------------------------------------------------------------X

**ORDER**
09-CV-4303 (RRM) (JMA)

**MAUSKOPF, United States District Judge.**

Plaintiff, proceeding *pro se*, commenced this action on October 7, 2009 alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 42 U.S.C. § 1983, and 18 U.S.C. § 1028, as well as several additional claims sounding in fraud. All Defendants that have appeared in this action have sought dismissal of the complaint. *See* ECF No. 24 (Defendant Jordan); ECF No. 25 (Defendant Powell); ECF No. 28 (Defendant Hill); ECF No. 32 (Defendant Cortes-Vasquez). In addition, on June 11, 2010, Plaintiff filed motions seeking default judgment against non-appearing Defendants Marcelin, Sr. and James. *See* ECF No. 34; ECF No. 35. By Order entered June 30, 2010 this Court referred all of the above-referenced motions to the assigned Magistrate Judge, the Honorable Joan M. Azrack, for a Report and Recommendation.

On December 10, 2010, Judge Azrack issued a Report and Recommendation (the "R&R") recommending that Plaintiff's claims against all Defendants be dismissed pursuant to the doctrines of res judicata and collateral estoppel. Judge Azrack further recommended that Plaintiff's motions for default judgment be denied. Judge Azrack reminded the parties that, pursuant to Rule 72(b), any objection to the R&R was due December 24, 2010. On December 30, 2010, the Court received a

letter from Plaintiff dated December 16, 2010 objecting to the R&R and requesting leave to amend the complaint.

## PLAINTIFF'S OBJECTIONS TO THE R&R

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely, specific objection has been made, is reviewed *de novo*. *Id.*; *see Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002); *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009). The district court is not required to review *de novo*, and may instead review for clear error, those portions of a report and recommendation to which no specific objections are addressed. *See Mario*, 313 F.3d at 766; *DiPilato*, 662 F. Supp. 2d at 340; *see also Thomas*, 474 U.S. at 150 (1985). After review, the district judge may accept, reject, or modify any of the magistrate judge's findings or recommendations. Fed. R. Civ. P. 72(b)(3).

In light of Plaintiff's timely objections, the Court has reviewed all portions of the R&R *de novo*. Plaintiff's objections, however, ignore the principal rationale underpinning Judge Azrack's recommendation that the complaint be dismissed—*i.e.*, that all of Plaintiff's factual contentions are, and were, the subject of prior litigation in state court. Plaintiff's objections are simply an attempt to re-argue matters previously determined in another forum. As such, Judge Azrack properly concluded that Plaintiff's claims here are precluded by the doctrines of res judicata and collateral estoppel. Finally, Plaintiff's objection that Judge Azrack failed to "use[ ] [her] authority to combat crimes in this case" is also unavailing as this Court lacks the authority to prosecute criminal conduct.

## LEAVE TO AMEND

Plaintiff annexed to his letter objecting to the R&R an "Application to Amend Complaint for Reliefs." Plaintiff seeks to amend his complaint to include claims for damages in various amounts, sounding in fraud, against Defendants Marcelin, Sr., Hill, Jordan, and Powell. Pl.'s Appl. 1-2. For the reasons below, amendment here would be futile, and leave to amend is denied.

The standard governing leave to amend, flexible to begin with, is further liberalized for *pro se* plaintiffs. *See* Fed R. Civ. P. 15(a)(2); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Even under this broad standard, however, the Court maintains its discretion to deny leave to amend "in instances of futility." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Amendment may be denied as futile if ordinary principles of preclusion would mandate dismissal of the complaint as amended. *See Day v. Distinctive Personnel, Inc.*, 656 F. Supp. 2d 331, 338 (E.D.N.Y. 2009); 6 Wright, Miller, et. al., Federal Practice & Procedure § 1487 (3d ed. 2010). Plaintiff's proposed amendments here center on alleged frauds committed in the execution of a durable power of attorney, and in the transfer and recording of a real estate deed—the same claims and issues pled in the original complaint, and previously litigated in a state court. *Compare, e.g.*, Compl. ¶¶ 2, 5, 6, 8-10, ECF No. 1, *and* Pl.'s Objections to R&R 1-2, *with* Pl.'s Appl. 1-2. Judge Azrack concluded, and the Court agrees, that these claims and issues are barred by the doctrines of res judicata and collateral estoppel. Preclusion, therefore, would require dismissal of the complaint as amended. Consequently, the Court declines to grant leave to amend on grounds of futility. *See Day*, 656 F. Supp. 2d at 336, 338.

## CONCLUSION

Based upon a *de novo* review of Judge Azrack's thorough and well-reasoned R&R, the factual and procedural record upon which it is based, and after consideration of Plaintiff's objections, the R&R is adopted in all material respects. Accordingly, Plaintiff's motions for default

3

judgment are DENIED, and the complaint is DISMISSED. Leave to amend is DENIED. The Clerk of Court is directed to enter Judgment accordingly and to close the case. The Clerk is further directed to transmit a copy of this Order to Plaintiff *pro se* via U.S. Mail.

SO ORDERED.

Dated: Brooklyn, New York
January 28, 2011

/Signed by Judge Mauskopf/

ROSLYNN R. MAUSKOPF
United States District Judge